IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RALPH & JACQUELINE GROSSO, | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| Defendant | : | NO. 11-1758 |
| | : | |
| | : | |

**MEMORANDUM OPINION**

**LINDA K. CARACAPPA**                                                            November 30, 2011
**UNITED STATES MAGISTRATE JUDGE**

Plaintiffs Ralph Grosso and Jacqueline Grosso bring this action against defendant US Department of Internal Revenue Service ("IRS") to obtain a first-time homebuyer tax credit under §36 of the Internal Revenue Code.  On March 10, 2011, plaintiffs filed their complaint in the United States District Court for the Eastern District of Pennsylvania, claiming failure of the IRS to grant the plaintiffs the first-time homebuyer tax credit.

Presently before the undersigned on referral from the district court is defendant's motion for summary judgment (Document # 12), plaintiffs' cross motion for summary judgment (Document # 13), and defendant's brief in opposition to plaintiffs' cross motion for summary judgment (Document #16).  For the reasons that follow, IRS's motion for summary judgment is granted.

I.  BACKGROUND

The following facts are viewed in the light most favorable to the plaintiff.

Plaintiffs' principal residence is at 3430 Aquetong Road, Carversville,

Pennsylvania.  (Joint Stipulation of Fact, Docket # 10).  That principal residence was purchased in 1997.  (Joint Stipulation of Fact, Docket # 10).  On December 17, 2009, plaintiffs purchased a townhouse located at 611 Village Court, Quakertown, Pennsylvania.  (Joint Stipulation of Fact, Docket # 10).  The townhouse was purchase by plaintiffs to be the principal residence of their adult son.  (Joint Stipulation of Fact, Docket # 10).  Plaintiffs' son pays the mortgage on the townhouse.  Plaintiffs have never used the townhouse as their principal residence.  (Joint Stipulation of Fact, Docket # 10).

Plaintiffs saw a television commercial that stated to receive the $6,500 tax credit an individual must live in their present home from five to eight years before buying the second home.  (Plaintiffs' Mot. For Summ. J., at 1-2).  Plaintiff's claimed the first-time homebuyer tax credit under §36 of the Internal Revenue code for the townhouse they purchased for their son.  Plaintiffs were denied the $6,500 tax credit because the townhouse was not their principal residence.

II.  LEGAL STANDARD

Federal Rule of Civil Procedure 56(c) states that summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(c); see also Celotex Corp v. Catrett, 477 U.S. 317, 322 (1986); Williams v. Borough of West Chester, 891 F.2d 458, 463-464 (3d Cir. 1989).  A factual dispute is "material" only if it might affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  For there to be a "genuine" issue, a reasonable fact finder must be able to render a decision in favor of the non-moving party.  Id.

On summary judgment, it is not the court's role to weigh the disputed evidence and decide which is more probative, or to make credibility determinations.  Boyle v. County of Allegheny, Pennsylvania, 139 F.3d 386, 393 (3d Cir. 1998).  Rather, the court must consider the evidence, and all reasonable inferences which may be drawn from it, in the light most favorable to the non-moving party.  United States v. Diebold, Inc., 369 U.S. 654, 655 (1962); Tigg Corp. v. Dow Corning Corp., 822 F.2d 358, 361 (3d Cir. 1987).  If a conflict arises between the evidence presented by both sides, the court must accept as true the allegations of the non-moving party. See Anderson, 477 U.S. at 255.  A party seeking summary judgment always bears the initial responsibility for informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.  Celotex Corp, 477 U.S. at 322.

Once the moving party has carried this initial burden, Rule 56(e) shifts the burden to the nonmoving party as follows:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.  Fed.R.Civ.P. 56(e).

However, to raise a genuine issue of material fact, the summary judgment opponent need not match, item for item, each piece of evidence proffered by the moving party, but simply must exceed the 'mere scintilla' standard.  Petruzzi's ICA Supermarkets, Inc. v. Darling-

Delaware Co., Inc., 998 F.2d 1224, 1230 (3d Cir.), cert. denied, 510 U.S. 994 (1993).  Summary judgment may be granted only if, after viewing all evidence in the light most favorable to the non-moving party, no jury could decide in that party's favor.  Tigg Corp., 822 F.2d at 361.

III.  DISCUSSION

The first time homebuyer tax credit was codified at 26 U.S.C. § 36.  The tax credit was first enacted in the Housing and Economic Recovery Act of 2008.  The Act granted a tax credit for first time homebuyers of a principal residence.  26 U.S.C. § 36 (a).  To be considered a "first time homebuyer" the individual could not have owned a principal residence during the previous three years.  26 U.S.C. §36 (c)(1); Housing and Economic Recovery Act of 2008, Pub. L. No. 110-289, § 3011, 122 Stat. 2654, 2888-91.

The Worker, Homeownership, and Business Act of 2009 made changes to above mentioned tax credit.  The Act created an exception for long-time residence of the same principal residence.  Worker, Homeownership, and Business Act of 2009, Pub. L. No. 111-92 § 11, 123 Stat. 2984, 2989-92.  The Act added a new provision to 26 U.S.C. § 36 (c)(6):

> In the case of an individual (and, if married, such individual's spouse) who has owned and used the same residence as such individual's principal residence for any 5-consecutive-year period during the 8-year period ending on the date of the purchase of a subsequent principal residence, such individual shall be treated as a first-time homebuyer for purposes of this section with respect to the purchase of such subsequent principal residence.

26 U.S.C. § 36 (c)(6).

For an individual who already owns a home to qualify for the tax credit 26 U.S.C. § 36 (c)(6) requires that the new home purchased be used as the primary residence of the

purchaser. The code is clear on that requirement.

Plaintiffs claim that they are entitled to the tax credit although they do not and never intended to use the new home they purchased as their primary residence. The plaintiffs claim that they are entitled to the tax credit because a commercial they saw did not clarify that the new home being purchased had to be used as a primary residence in order to qualify for the tax credit. Plaintiffs may not have been aware of the fact that the new home had to be used as their primary residence but it is still a requirement clearly explained in the code. Plaintiffs' misunderstanding of the code does not excuse the requirements of the code.

Given the facts before this court, summary judgment is appropriate in favor of defendant. The code requires that the new home be used as the purchasers' primary residence in order for the purchasers to qualify for the first time homebuyer tax credit. Plaintiffs have admitted that the new home is not their primary residence and they did not plan to use it as such. Therefore, no genuine issue of material fact establishing liability exists, and summary judgment is appropriate.

As such, we grant defendant's motion for summary judgment. We also deny plaintiffs' cross-motion for summary judgment.

IV. CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment will be GRANTED. Plaintiffs' cross-motion for summary judgment is DENIED.

An appropriate order follows.